NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHERRI BOSESKI, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 2:12-cv-02652 (DMC) (JBC) |
| NORTH ARLINGTON MUNICIPALITY, BERGEN REGIONAL MEDICAL CENTER AND DEPARTMENT OF DEFENSE, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon two motions to dismiss the Complaint (April 25, 2013, ECF No. 1) of Plaintiff Sherri Boseski ("Plaintiff" or "Boseski") brought by (1) Bergen Regional Medical Center ("Bergen Medical") (May 14, 2013, ECF No. 6) and (2) North Arlington Municipality ("North Arlington") (May 17, 2013, ECF No. 7) pursuant to FED. R. CIV. P. 12(b)(6). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Defendants' motions to dismiss are **granted.**

## I.   BACKGROUND[1]

Plaintiff filed a Complaint with this Court on April 25, 2013 against North Arlington, Bergen Medical and the Department of Defense. (ECF No. 1). The Complaint contains numerous allegations including (1) bias by judges presiding over Plaintiff's prior cases; (2) legal

---

[1] The facts set forth in this Opinion are taken from the parties' respective moving papers and filings.

malpractice; (3) rape by two service members during Plaintiff's military service; (4) false arrest and attack by North Arlington Police; (5) involuntary commitment at Bergen Medical Center; (6) a conspiracy between the New Jersey Court System, the Department of Defense, Bergen Medical and North Arlington; and (7) a continuous tort denying Plaintiff useful access to the judicial branch of the government for over ten years. Plaintiff's Complaint asserts the following causes of action: (1) conspiracy to commit fraud; (2) restriction of trade, 15 U.S.C. 1; (3) breach of contract by the military; (4) negligence; (5) assault; (6) legal malpractice; (7) false arrest and imprisonment; (8) defamation; (9) libel; and (10) claims under 42 U.S.C. § 1981, 42 U.S.C. § 1983 and 42 U.S.C. § 1983. Plaintiff previously filed a Complaint against North Arlington on October 9, 2012 in the Superior Court of New Jersey, Bergen Vicinage. On February 22, 2013, the Superior Court granted North Arlington's motion to dismiss on the grounds that Plaintiff's complaint was filed beyond the applicable two-year stature of limitations.

## II.    STANDARD OF REVIEW

In deciding a motion under Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right

2

to relief above a speculative level." Twombly, 550 U.S. at 555.

A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Id. "Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Young v. Speziale, Civ. No. 07-03129, 2009 WL 3806296, at *3 (D.N.J. Nov. 10, 2009) (quoting Iqbal, 556 U.S. at 679). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–that the pleader is entitled to relief." Iqbal, 556 U.S. at 679.

## III.  DISCUSSION

### a.  Statute of Limitations

Plaintiff alleges claims of assault and false arrest against North Arlington. According to Plaintiff's Complaint, these incidents occurred on November 5, 2003; July 3, 2004; and September 13, 2006. As previously determined by the Superior Court, these actions are barred by New Jersey's two-year statute of limitations for personal injury actions. See N.J.S.A. 2A: 14-2(a) ("every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued."). The two-year statute of limitations also applies to Plaintiff's claims arising under 42 U.S.C. § 1983. See Wilson v. Garcia, 471 U.S. 261 (1985) (holding that the statute of limitations to be applied in all cases brought under § 1983 is the statute of limitations of the state involved for personal injury actions); Brown v. Foley, 810 F. 2d

55, 56 (3d Cir. 1987).

The Court recognizes that the statute of limitations period must be tolled for the period of Plaintiff's military service "and six months thereafter." N.J.S.A. 2A:14-26. However, even considering Plaintiff's military service from September 24, 2006 through October 15, 2009, the Complaint was not filed within the applicable limitations period and is therefore time-barred. Plaintiff's Complaint describes an alleged assault and false imprisonment by North Arlington police on November 5, 2003 and another alleged assault on July 3, 2004. The two-year statute of limitations on these claims expired on November 5, 2005 and July 3, 2006, respectively. Thus, the statute of limitations on these two claims expired before Plaintiff entered the U.S. Army on September 24, 2006 and long before Plaintiff filed this Complaint on April 25, 2013.

Plaintiff alleges an additional attack by North Arlington police on September 13, 2006. Plaintiff asserts that she was forcibly removed from her home by a police officer and taken to Bergen Medical where she was allegedly involuntarily committed for over five days. The statute of limitations on Plaintiff's claims against North Arlington and Bergen Medical would have been tolled until April 15, 2010, six months after the end of Plaintiff's military service. Thus, the statute of limitations would have expired two years later, on April 15, 2012, one year before Plaintiff filed this Complaint. As such, all of Plaintiff's claims against North Arlington and Bergen Medical with respect to these incidents are time-barred and therefore dismissed.

### b. Res Judicata

In addition, res judicata bars Plaintiff from pursuing any claims against North Arlington related to the November 5, 2003 and July 3, 2004 incidents in this Court since these claims were previously disposed of in state court. The doctrine of res judicata prohibits a plaintiff from relitigating the same claims in a new forum. See Watkins v. Resorts Int'l Hotel & Casino, 124

N.J. 398, 409 (1991) ("Essential to the proper functioning of state and federal courts is the principle that a disappointed litigant may not circumvent a judgment entered in one system by relitigating the claim or the decided issues in the other system. Generally speaking, whether started in state or federal courts, the determination of a case in one system should conclude the matter."). With respect to the incidents of November 5, 2003 and July 3, 2004, Plaintiff's Complaint sets forth the same facts and allegations as pleaded before the Superior Court. The Superior Court dismissed the matter with prejudice and this Court must give full faith and credit to that judgment.

### c. Conspiracy allegations

As to the conspiracy allegations against North Arlington and Bergen Medical, the Court finds that they are conclusory and fail to state a claim upon which relief can be granted. Plaintiff's Complaint simply states that there is a conspiracy against her between the New Jersey Court System, the Department of Defense, Bergen Medical and North Arlington. However, Plaintiff provides no facts to support this allegation. The Court therefore finds that any conspiracy allegations lack facial plausibility and must be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are **granted** and all claims against North Arlington and Bergen Medical are **dismissed**. An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date:         December 13, 2013
Original:    Clerk's Office
cc:            Hon. James B. Clark, U.S.M.J.
               All Counsel of Record
               File

5