NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SHERRI BOSESKI,** | Civ. No. 2:13-02652 (WJM) |
| **Plaintiff,** | |
| | **OPINION** |
| v. | |
| **NORTH ARLINGTON MUNICIPALITY et al.** | |
| **Defendants.** | |

### **WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Sherri Boseski brings this action *pro se* against North Arlington Municipality, Bergen Regional Medical Center, and the Department of Defense. This matter comes before the Court on Defendant Department of Defense's motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). There was no oral argument. FED. R. CIV. P. 78(b). For the reasons set forth below, Defendant's motion is **GRANTED**.

### I. BACKGROUND

On April 25, 2013, Plaintiff filed a *pro se* complaint against the Department of Defense ("the Federal Defendant"), the North Arlington Municipality, and the Bergen Regional Medical Center. ECF No. 1. On December 16, 2013, The Honorable Dennis M. Cavanaugh dismissed Plaintiff's Complaint against North Arlington Municipality and Bergen Regional Medical Center on the grounds that the claims against those entities were barred by the applicable statute of limitations. ECF No. 23. After Judge Cavanaugh retired, the case was transferred to this Court. ECF No. 25.

The Court will limit its background discussion to allegations against the Federal Defendant because it is the only remaining defendant in this case. First, Plaintiff

alleges that the Federal Defendant colluded with the Bergen County court system to force her into the Army.  Compl. at 24.  She further alleges that the Federal Defendant failed to investigate her allegations that she was sexually assaulted by military personnel.  *Id*. at 9, 10, 19.  Moreover, Plaintiff claims that the Federal Defendant obstructed justice by colluding with North Arlington to destroy evidence related to her accusations of sexual assault and tampering with other evidence related to this action.  *Id*. at 5, 24.  Seeking $10 million in damages, her complaint alleges a "continuous tort" and specifically asserts the following causes of action: (1) conspiracy to commit fraud; (2) restriction of trade – 15 U.S.C. § 1; (3) breach of contract by the military; (4) assault; (5) legal malpractice; (6) false arrest and imprisonment; (7) defamation; (8) libel; and (10) claims under 42 U.S.C. §§ 1981, 1983, and 1985.  *Id.* at 36.  The Federal Defendant now moves to dismiss the Complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  ECF No. 33.[1]

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint for lack of subject-matter jurisdiction.  FED. R. CIV. P. 12(b)(1).  There are two types of challenges to subject-matter jurisdiction: (1) facial attacks, which challenge the allegations of the complaint on their face; and (2) factual attacks, which challenge the existence of subject-matter jurisdiction, quite apart from any pleadings.  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  In reviewing a facial attack, the court must consider the allegations of the complaint in the light most favorable to the plaintiff.  *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *PBGC v. White*, 998 F.2d 1192, 1196 (3d Cir. 1993).  In reviewing a factual attack, the court may consider evidence outside the pleadings, and no presumptive truthfulness attaches to the plaintiff's allegations.  *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (*citing Gotha v. United States*, 115 F.3d 176, 178-79 (3d Cir. 1997)).  Here, the attack on Plaintiff's tort and breach of contract claims are factual in nature, whereas the other claims are subject to a facial challenge.

---

[1] Notwithstanding Plaintiff's assertions to the contrary, the Federal Defendant's motion to dismiss was timely.  *See* Clerk's Text Order dated July 18, 2014; ECF No. 33.

## III. DISCUSSION

The Federal Defendant argues that the Court lacks subject-matter jurisdiction in this case because of the doctrine of sovereign immunity. The doctrine of sovereign immunity provides that "the United States may not be sued without its consent and that the existence of consent is a prerequisite to jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Sovereign immunity of the United States also extends to its branches and agencies, including the Department of Defense. *See e.g. Franchise Tax Bd. v. United States Postal* Service, 467 U.S. 512, 517-18 (1976); *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996). The Federal Tort Claims Act ("the FTCA") operates as a limited waiver of sovereign immunity. *See e.g.*, *White-Squire v. U.S. Postal Service*, 592 F.3d 453, 456 (3d Cir. 2010). If certain requirements are met, it allows common law tort actions against the United States. *Dalehite v. United States*, 346 U.S. 15, 28 (1953). One such requirement is that before filing suit, a plaintiff must submit a written administrative claim with the relevant federal agency within two years after the claim accrues. 28 U.S.C. §§ 2401(b), 2675(a); *White-Squire*, 592 F.3d at 458. This requirement cannot be waived; a plaintiff's failure to comply mandates dismissal of the claim for lack of subject-matter jurisdiction. *See e.g.*, *Medina v. City of Philadelphia*, 219 Fed.Appx. 169, 171-73 (3d Cir. 2007). Plaintiff bears the burden to prove compliance with the FTCA's administrative claim requirements. *Livera v. First Nat'l State Bank*, 879 F.2d 1186, 1195 (3d Cir. 1989).

Plaintiff has not met her burden here. While Plaintiff vaguely alleges that she reported her claim to military authorities, she does not dispute that she did not file an administrative claim in writing with the Federal Defendant pursuant to the FTCA. Moreover, the Federal Defendant has submitted a sworn declaration indicating that it never received an administrative claim from Plaintiff. McConahy Decl. at ¶ 2. Consequently, this Court lacks subject-matter jurisdiction under the FTCA to hear Plaintiff's tort claims against the Federal Defendant. Because Plaintiff failed to comply with FTCA requirements, she is "forever barred" from bringing her tort claims and the dismissal is with prejudice. *See* 28 U.S.C. § 2401(b).

Plaintiff's breach of contract claim must be similarly dismissed. While it is difficult to discern the substance of Plaintiff's claim, it appears that as a former military service member suing for monetary relief, Plaintiff seeks compensation under the enlistment contract she entered into with the U.S. Army. Under the "Little Tucker Act," federal district courts have jurisdiction over certain non-tort claims (including breach of contract) against the United States that do not exceed $10,000. *See* 28 U.S.C. § 1491. Former members of the military services have used the Little

Tucker Act as a basis of jurisdiction when suing the United States for monetary relief. *See e.g. Wyatt v. U.S.*, 2 F.3d 398 (Fed Cir. 1993). However, even assuming that her breach of contract claim is for less than $10,000, Plaintiff cannot maintain it against the Federal Defendant because "a service member's entitlement to pay and other benefits is set by statute and regulation and not by contract." *See e.g., Liber v. United States*, 116 Fed.Cl. 1, *4 (Fed. Cl. 2014) (granting 12(b)(1) dismissal of plaintiff's breach of contract claim against the Army). Moreover, the Court cannot detect any statute or regulation that would entitle Plaintiff to compensation related to her military service.[2] *See id*.

Finally, the doctrine of sovereign immunity also bars Plaintiff's other claims, even after accepting all allegations in the Complaint as true. *See U.S. Postal Service v. Flamingo Indus. Ltd.,* 540 U.S. 736, 745 (2004) (Shearman Act does not operate as a waiver of sovereign immunity); *Quern v. Jordan,* 440 U.S. 332, 341-45 (1979) (same for 42 U.S.C. §§ 1981-1988). The Court therefore lacks subject-matter jurisdiction and will dismiss the Complaint with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Federal Defendant's motion to dismiss is **GRANTED**. Plaintiff's Complaint against the Federal Defendant is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 21, 2014**

---

[2] The Court has endeavored to liberally construe the Complaint in light of Plaintiff's *pro se* status. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).